Johnson, J.
delivered the opinion of the Court.
The grounds taken in support of the motions for nonsuit, and for a new trial, are common to both, with the exception of the second,, which is set down for a nonsuit, and which I propose to consider in the first place. It is, in substance, that the evidence offered, did not prove the special contract set forth in the declaration.
In general, any fact, or circumstance, which leads the mind to the affirmative, or negative, of any given proposition, constitutes proof; but when it is certain, or even probable, that more conclusive and satisfactory evidence exists, and is in the power of the party to produce, the mind is- not satisfied with slight and doubtful circumstances : and hence the rule, that the best evidence of which the case is susceptible, is always required. If a contract be in writing, and in the power of the party, that must be produced, because it is more certain than memory. For the same reason, it must be proved by the subscribing witness, if there be one. If there be none, then proof of handwriting is the next best. If the. party, whose hand-writing is *544 required to be proved, is not accustomed to write much, and it jg por tj,at cause impossible to prove it, other circumstances wot*Id be admissible: but for the reason before given, to let in inferior proof, the party offering it must shew, that no higher is in his power. Now, the only proof of the execution of the receipt by the defendant’s testator, was that of a witness, who saw him' sign a paper, stated to him- to contain similar contents ; but he.did not pretend to identify the paper itself, either by the liand-writing, for he was incompetent to judge of that, or by any mar?: and for any thing that now appears, the. defendant’s testator was accustomed to write, and his genuine hand-writing might have been known to many. This evidence was therefore incompetent, and inadmissible, and proved nothing.
There was then no proof of a special agreement, and the question, therefore, arises, whether the plaintiff was intitled to recover on the other counts, which charge him as a common carrier. The rule on this subject is, that when the plaintiff declares on a special agreement, and fails to prove it, but proves another, and different special agreement, he cannot recover on the general counts. But this rule only applies to the common money counts. Here, the contract to carry, was as much a special contract, as the written receipt; and the counts framed upon it are very fully sustained by the evidence. . The evidence leaves no doubt, that the defendant’s testator did receive the plaintiff’s cotton, to be carried for freight to Charleston; and this, independently of the written contract, of which there was no competent proof, of course subjected him to all the liabilities which attached to that character.
The grounds of the motion for a new trial may be summed up in the following: 1st. That the case ought to have been continued on the cause shewn. 2d. That the'damages are excessive. 3d. That the cause of action was barred by the statute of limitations.
The often repeated determination of this Court, not, to interfere with the discretion of the presiding Judge, as to the trials or postponement, of a cause, ought to have exempted it from further applications for a uew trial on that ground. All that I find it necessary that I should say is, that we shall adhere to it. The objection to the amount of damages is equally untenable. The verdict is below the estimate of the Judge, *545 which we think was well warranted by the circumstances, if the plaintiff was intitled to recover at all; and of this, the jury, so far as the facts were concerned, were the legitimate judges.
^1- ^Esp>nas-part, 290-3. 2 &'¡^44^1 N<j M‘C. 281.-Buller’s N.P.
To prevent the bar of the statute, it is incumbent on the plaintiff to shew a writ sued out, witlnn four years after the cause of action given, or accrued; and that there should be a regular continuation of the action down to the time of declaring, is a general rule, to which all the books of practice give their sanction. 2 Saund. 63. d. They all likewise concur, that where a sn it has been brought within the time limited by the statute, and abates by the death of one of the parties, and is recoin-menced in a reasonable time afterwards, the bar of the statute is preventedand that upon the equity of the saving, in cases of reversal, and arrest of judgment. 2 Saund. 63, b. note. Bac. Abr. Lim. of Actions, E. 5. Matthews v. Phillips, 2 Salk. 424. and see the 7th section of the Act of 1712, P. L. 102. This, if it be an exception not within the letter of the act, is obviously in accordance with its spirit, and policy, and calculated to promote the ends of justice; and I feel no inclination to break through it. I incline to think, moreover, that it may be maintained upon the principle of the rule, and according to the letter of the act.
The rule requires no more, than that a regular continuance of the action should be shewn. Now the pleadings shew the writ issued within the time limited, the subsequent death of the party, and a second writ sued out for the same cause of action. This, it is true, is not, technically, a continuance of the action, but there was no default in the plaintiff. He pursued with vigilance the remedy which the law gav e him, and his cause is prosecuted by all the means in his power. He has, therefore, in effect, continued his suit.
The counsel did not insist on the objection, that there was no proof, that the suits were for the same cause of action; and I presume that the state of the pleadings, rendered it unnecessary to do so. There is certainly nothing in it.
Motion refused.